The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
Kimberly I. Berson,

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

INTERNATIONAL EXCHANGE SERVICES, LLC ,

                        Debtor.
------------------------------------------------------------------x
DEBRA KRAMER as Trustee of the Estate of
INTERNATIONAL EXCHANGE SERVICE, LLC,

                 Plaintiff,

     -against-

MATTHEW THIELEN,

                Defendant.
------------------------------------------------------------------x

Chapter 7

Case No. 13-40909-ess

Adv. Pro. No.:

## COMPLAINT

_____DEBRA KRAMER, as trustee (the "Trustee") of the estate of International Exchange

Services, LLC (the "Debtor"), by and through her counsel, The Law Offices of Avrum J. Rosen,

PLLC, respectfully submits this as and for her complaint (the "Complaint") against Matthew

Thielen ("Thielen") (the "Defendant" and/or "Thielen"), the Defendant herein, and states as

follows:

## THE PARTIES

1.       The Plaintiff is the Chapter 7 Trustee herein ("Plaintiff" or "Trustee").

2.       Upon information and belief, Matthew Thielen ("Thielen" and/or the

1

"Defendant") is a principal of the Debtor and resides at 285 Livingston Street, Brooklyn, New York 11217.

3.      Upon information and belief, Thielen also has an address at 100 South Pointe Drive, Miami Beach, Florida 33139.

4.       Thielen is an "insider" of the Debtor as that term is defined under the Bankruptcy Code.

## JURISDICTIONAL PREDICATE

5.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (a) and 1334.

6.      The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409 (a).

7.      The statutory predicates for the relief sought herein are 11 U.S.C.§§ 544, 547, 548, 550 and 551 and 12 N.Y. Debt. & Cred. Law §§ 270 et seq. ("Debtor and Creditor Law"); Bankruptcy Rules 7001 *et. seq.,* and common law principles of fraud and unjust enrichment.

8.      This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (F), (H), and (O) and Bankruptcy Rules 7001 *et. seq.*

9.      In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND

10.     On February 20, 2013 (the "Filing Date"), International Exchange Service, LLC f

filed a voluntary petition for bankruptcy relief pursuant to chapter 7 of title 11 of the United

States Code (the "Bankruptcy Code").

11.     Debra Kramer was appointed the interim chapter 7 Trustee and thereafter did

qualify as the permanent case Trustee.

12.     Within the one year period prior to the filing, the Debtor made many payments to

Thielen and/or for the benefit of Thielen and the Debtor did not receive any consideration in

exchange for the payments made which benefitted Thielen.

13.     Specifically, within the one year period prior to the filing, the Debtor made the

numerous payments to Thielen which totaled $354,202.14 ("Pre-Petition Payments") and upon

information and belief, the Debtor received less than fair consideration in exchange for the Pre-

Petition Payments.

14.     Upon information and belief, the payments were made at a time when the Debtor

was insolvent and/or the payments rendered the Debtor insolvent.

15.     Thielen, as principal of the Debtor, made these Pre-Petition Payments for the

purpose of committing an intentional fraud upon the creditors of the Debtor and to the detriment

of the creditors of the Debtor while acting in his fiduciary capacity as the Debtor's principal

and/or officer.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 273

16.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

3

"1" through "15".

17.     To the extent that the claims herein arise under Bankruptcy Code § 544(b), the

Trustee is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy

case.

18.     Upon information and belief, the transfer of the Pre-Petition Payments by Debtor

to Thielen were made at a time when the Debtor was insolvent or it rendered the Debtor

insolvent.

19.      Upon information and belief, the Debtor did not receive any consideration or fair

consideration for the transfer of the Pre-Petition Payments to Thielen.

20.     Thielen benefitted from the transfer made by the Debtor.

21.     The transfer of the Pre-Petition Payments is voidable under Debtor and Creditor

Law § 273 as a fraudulent conveyance.

22.     By reason of the foregoing, the Plaintiff is entitled a declaratory judgment setting

aside the transfer of the Pre-Petition Payments made by the Debtor to the Thielen and

determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law §273.

**AS AND FOR A SECOND CAUSE OF ACTION
UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW
AND SECTION 550 OF BANKRUPTCY CODE**

23.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

"1" through "22".

24.     Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the

Plaintiff may recover the transfer of the Pre-Petition Payments that was made and/or the value

thereof.

25.     Thielen  benefitted  from the Debtor's transfer of the Pre-Petition Payments to
him in an amount of $354,202.14 .

26.     By reason of the foregoing, the Plaintiff is entitled to a judgment against the
Thielen in an amount of $354,202.14 pursuant to Sections 273 and 278  of Debtor and Creditor
Law and Section 550 of the Bankruptcy Code.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 275

27.     The Plaintiff repeats and re-alleges each and every allegation contained in
paragraphs "1" through "26" as if each were more fully set forth herein.

28.     The transfer of the Pre-Petition Payments was made without fair consideration
when the Debtor and Thielen intended and believed that the Debtor would incur debts beyond its
ability to pay them as they became due.

29.     The transfer is voidable under Debtor and Creditor Law § 275 and
Bankruptcy Code § 544(b).

30.     By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the
transfer of the Pre-Petition Payments as a fraudulent conveyance under Debtor and Creditor Law
§ 275 and Bankruptcy Code § 544(b).

## AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO
## SECTION 550 OF THE BANKRUPTCY CODE

31.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs
"1" through "30".

32.     Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the

Plaintiff may recover the transfer of the Pre-Petition Payments that was made and/or the value thereof.

33.    Thielen benefitted from the Debtor's transfer of the Pre-Petition Payments to them in an amount of $354,202.14.

34.    By reason of the foregoing, the Plaintiff is entitled to a judgment against Thielen in an amount of $354,202.14 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 276**

35.    The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "34" as if each were more fully set forth herein.

36.    Upon information and belief, the transfer of the Pre-Petition Payments  was made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor.

37.    The transfer is voidable under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

38.    By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the transfer of the Pre-Petition Payments as a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

**AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO**
**SECTION 550 OF THE BANKRUPTCY CODE**

39.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "38".

40.    Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the

Plaintiff may recover the transfer of the Pre-Petition Payments that was made and/or the value thereof.

41.    Thielen benefitted from the Debtor's transfer of the Pre-Petition Payments to them in an amount of $354,202.14.

42.    By reason of the foregoing, the Plaintiff is entitled to a judgment against Thielen in the amount of $354,202.14 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

43.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "42" as if each were more fully set forth herein.

44.    The Plaintiff is also entitled to recover attorneys' fees under Debtor and Creditor Law § 276-a.

45.    By virtue of the foregoing, Plaintiff is entitled to judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

46.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "45" as if each were more fully set forth herein.

47.    The Pre-Petition Payments to Thielen by the Debtor have caused him to be unjustly enriched.

48.    By virtue of the foregoing, Plaintiff is entitled to judgment against Thielen in the

amount of $354,202.14.

## AS AND FOR A NINTH CAUSE OF ACTION UNDER 11 U.S.C.§548

_____49.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "49" as if each were more fully set forth herein.

_____50.    Pursuant to section 548 of the Bankruptcy Code, the trustee may void any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within two (2) years before the date of the filing of the petition, if the debtor voluntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted or received less than a reasonable equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; was engaged in business or a transaction, or was about to engage in business or transaction, for which any property remaining with the debtor was an unreasonably small capital; intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

51.    The Pre-Petition Payments made by the Debtor to Thielen were within the two year period prior to the filing of the petition.

52.    The payments made by the Debtor to Thielen within the two year period prior to the filing of the petition were made at a time that the Debtor was insolvent or it rendered

the Debtor insolvent.

53.     The payments made by the Debtor to Thielen within the one year period

prior to the filing of the petition were made for no or little consideration.

54.      By virtue of the foregoing, Plaintiff requests a declaratory judgment determining

that $354,202.14 in payments made by the Debtor to Thielen within the one year period prior to

the filing of the petition constitute a fraudulent conveyance under Section 548 of the Bankruptcy

Code.

## AS AND FOR A TENTH CAUSE OF ACTION PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

55.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

"1" through "54".

56.     Under Bankruptcy Code § 550 (a), the Plaintiff may recover the transfer of the

Pre-Petition Payments that was made and/or the value thereof.

57.     Thielen benefitted from the Debtor's transfer of the Payments to him in

an amount of $354,202.14.

58.     By reason of the foregoing, the Plaintiff is entitled to a judgment against

the Defendant in an amount of $354,202.14 pursuant to Sections 548 and 550 of the Bankruptcy

Code.

## AS AND FOR A ELEVENTH CAUSE OF ACTION PURSUANT TO 11 U.S.C. § 547

59.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

"1" through "58" as if each were more fully set forth herein.

60.    In the event that the Pre-Petition Payments do not constitute fraudulent conveyances, the Pre-Petition Payments are preference payments under Section 547 of the Bankruptcy Code.

61.    Pursuant to Section 547 of the Bankruptcy Code, the Trustee may avoid any transfer of an interest of the Debtor in property to ro for the benefit of a creditor for or on account of an antecedent debt owed by the Debtor before such transfer was made, if the transfer was made while the was insolvent and was made between ninety and one year before the date of the filing of the petition if such creditor was an insider, and  the transfer enabled such creditor to receive more than such creditor would have received had  the case been a case under chapter 7 of the Bankruptcy Code or the transfer had not been made.

62.    Thielen is an insider of the Debtor as that term is defined under section 101 of the Bankruptcy Code.

63.    Thielen received from the Debtor a total of $354,202.14 in payments between the ninety day and one year period prior to the filing of the petition (the "Preference Payments").

64.    Upon information and belief, Thielen  received the Preference Payments on the account of an antecedent debt.

65.    Upon information and belief, the Preference Payments were a transfer of an interest of the Debtor in property to Thielen.

66.    Upon information and belief, the Preference Payments benefitted Thielen.

67.    Upon information and belief, the Preference Payments were made while the Debtor was insolent or rendered the Debtor insolvent.

68.    Upon information and belief, the Preference Payments enabled Thielen to receive

more than they would receive in a Chapter 7 case if the transfer had not been made.

69.      In view of the foregoing, the Preference Payments constitute a preference and

said transfer of payments is avoidable by the Plaintiff pursuant to Section 547 of the Bankruptcy

Code.

70.      In view of the foregoing, the Debtor requests judgment setting aside the transfer of

the Preference Payments in accordance with Section 547 of the Bankruptcy Code.

## AS AND FOR A TWELFTH CAUSE OF ACTION PURSUANT TO 11 U.S.C. §§550 AND 551

71.      Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs

"1" through "70" as though it was fully set forth herein.

72.      Under Sections 550 and 551 of the Bankruptcy Code, the Debtor may recover the

Preference Payments that were transferred or the value thereof from Thielen for the benefit of the

estate.

73.      In view of the foregoing, Plaintiff request judgment against the Defendant in the

sum of $354,202.14 pursuant to Sections 550 and 551 of the Bankruptcy Code and directing the

turnover of said sum to the Plaintiff.

**WHEREFORE,** the Plaintiff respectfully demands judgment as follows:

(a) On the First Cause of Action, a declaratory judgment setting aside the transfer of the

Pre-Petition Payments made by the Debtor and determining that the transfer is a

fraudulent conveyance under Debtor and Creditor Law §273;

(b) On the Second Cause of Action, against Thielen in an amount of $354,202.14

pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the

Bankruptcy Code;

(c) On the Third Cause of Action, against Thielen setting aside the

transfer of the Pre-Payments as a fraudulent conveyance under Debtor and Creditor Law §

275 and Bankruptcy Code § 544(b);

(d) On the Fourth Cause of Action, against Thielen in an amount of $354,202.14 pursuant

to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy

Code;

(e) On the Fifth Cause of Action, setting aside the transfer of the Pre-Petition Payments as

a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code §

544(b);

(f) On the Sixth Cause of Action, against Thielen in the amount of

$354,202.14 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section

550 of the Bankruptcy Code;

(g) On the Seventh Cause of Action, judgment equal to attorneys' fees incurred in

connection with this action pursuant to Section 276-a of Debtor and Creditor Law;

(h) On the Eighth Cause of Action against Thielen in an amount of $354,202.14;

(i) On the Ninth Cause of Action, a declaratory judgment determining that the $354,202.14

in payments made by the Debtor to Thielen within the one year period prior to the filing

of the petition constitute a fraudulent conveyance under Section 548 of the Bankruptcy

Code;

(j) On the Tenth Cause of Action, a declaratory judgment determining that the

$354,202.14 in payments made by the Debtor to Thielen within the one year period prior

to the filing of the petition constitute a fraudulent conveyance under Section 548 of the

Bankruptcy Code;

(k) On the Eleventh Cause of Action, setting aside the transfer of the Preference Payments

in accordance with Section 547 of the Bankruptcy Code;

(l) On the Twelfth Cause of Action, against Thielen in the sum of $354,202.14 pursuant to

Sections 550 and 551 of the Bankruptcy Code and directing the Defendant to turnover said

sum to the Plaintiff;; and

(M) for such other relief as this Court deems just proper and equitable.

Dated: Huntington, New York
      September 11, 2013

                              The Law Offices of Avrum J. Rosen, PLLC
                              Attorneys for the Trustee/Plaintiff

                              S/Fred S. Kantrow
                              Fred S. Kantrow
                              Kimberly I. Berson
                              38 New Street
                              Huntington, New York 11743
                              631 423 8527
                              fkantrow@avrumrosenlaw.com